# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 0033 | **DATE** | 3/30/2004 |
| **CASE TITLE** | ABC-NACO, Inc., et al vs. Klos Trucking, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to withdraw the reference (1-1) is denied without prejudice to its renewal later in the litigation if it appears that a jury trial of this matter will become necessary. The status hearing and or ruling date of 4/13/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 31 2004 | 5 |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| | GL | courtroom deputy's initials | 2004 MAR 30 PM 4:50 | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ABC-NACO, INC. et al., )
)
    Plaintiffs, )    MAR 3 1 2004
)
v. )
)
) Case No. 04 C 0033
)
KLOS TRUCKING, INC., )
)
    Defendant. )
)

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

On October 10, 2003, the Official Committee of Unsecured Creditors of Debtor ABC-NACO, Inc. (the "Committee") filed the present action to recover allegedly preferential transfers paid by ABC-NACO to Defendant Klos Trucking, Inc. Because it was related to ABC-NACO's pending bankruptcy proceedings, the case was automatically referred to Bankruptcy Judge Eugene R. Wedoff for disposition. *See* N.D. Ill. Internal Operating Procedure 15. Klos Trucking has demanded a jury trial and has moved the court to withdraw its reference to the bankruptcy court and to assume responsibility for the case. For the following reasons, Klos Trucking's motion to withdraw the reference is denied as premature.

## BACKGROUND

On October 18, 2001, ABC-NACO filed petitions for relief under Chapter 11 of the United States Bankruptcy Code. A committee of unsecured creditors (the plaintiff) was appointed to protect the interests of ABC-NACO's unsecured creditors. The Committee decided to pursue several actions



against ABC-NACO's creditors to recover allegedly preferential transfers[1] made by ABC-NACO to those creditors. The Committee served a demand letter upon Klos Trucking, seeking $44,267.93 that had been paid to Klos Trucking by ABC-NACO before ABC-NACO filed for bankruptcy protection. *See* 11 U.S.C. § 547 (authorizing actions to recover transfers made by an insolvent debtor within ninety days prior to the filing of the bankruptcy petition). Klos Trucking did not respond to the demand letter.

## ANALYSIS

The Northern District of Illinois' Internal Operating Procedure 15 provides that, "any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C." shall be automatically referred to the bankruptcy court for disposition. *See also* 28 U.S.C. § 157 (authorizing district courts to assign Title 11 proceedings to bankruptcy judges). A district court may withdraw its reference to a bankruptcy judge and take over the disposition of a bankruptcy case "for cause shown." 28 U.S.C. § 157(d). There is no guidance in the text of § 157(d) as to what constitutes "cause" to withdraw a reference to a bankruptcy judge. Because a bankruptcy court may not conduct a jury trial without the consent of the parties, however, it is well settled that cause for withdrawing the reference is shown in any case where the defendant is constitutionally entitled to a jury trial. *Business Communications, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D. Ill. 1991) (citations omitted). The initial question that we must address, therefore, is whether Klos Trucking has a Seventh Amendment right to a jury trial.

In *Langenkamp v. Culp*, the United States Supreme Court set forth guidelines for assessing whether a defendant creditor has a Seventh Amendment right to a jury trial in an action for recovery of a preferential transfer of assets. 498 U.S. 42 (1990). There, the Court held that a creditor is not entitled

---

[1] A preferential transfer occurs where an insolvent debtor pays one creditor "the full amount of [its] claims or a larger amount than [it] would be entitled to receive on a *pro rata* distribution." *Black's Law Dictionary*, 1178 (6th ed. 1990).

to a jury trial in a preference action where the creditor has voluntarily filed a claim against the bankruptcy estate for assets owed to it by the debtor. *Id.* at 44-45 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59, n.14 (1989)). By involving itself in the bankruptcy proceedings, the Court held, a creditor knowingly subjects itself to the equitable power of the bankruptcy court. Thus, if the bankruptcy trustee responds to that creditor's claim with a preference action, the action becomes part of the larger claims allowance process, triable only in equity, and no right to a jury trial exists.[2] On the other hand, "[i]f a party does *not* submit a claim against the bankruptcy estate . . . the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial." *Id.* In this case, Klos Trucking alleges (and the plaintiff does not dispute) that it did not submit a claim against the ABC-NACO bankruptcy estate. Thus, according to the Supreme Court's decision in *Langenkamp*, Klos Trucking is entitled to a jury trial in the Committee's preference action.

A bankruptcy judge may only conduct a jury trial with the express consent of the parties. 28 U.S.C. § 157(e). Because Klos Trucking has expressly refused to consent to the bankruptcy court conducting a jury trial in this matter, withdrawal of the reference to the bankruptcy court may be necessary if this case proceeds to trial. However, because of considerations of judicial efficiency, it would be imprudent to withdraw the reference at this early stage in the litigation. First, it is not clear at this point that the case will even proceed to trial, and withdrawal of the reference will only become mandatory if a trial is ultimately held. Second, as has been stated before by courts in this district, the bankruptcy court is in a better position to monitor the progress of this litigation because it has its finger on the pulse of all of the proceedings related to the ABC-NACO bankruptcy. *See, e.g., Business*

---

[2]The Supreme Court has interpreted the Seventh Amendment to confer the right to a jury trial only in those suits where legal rights, as opposed to equitable rights, are involved. *Granfinanceria, S.A. v. Nordberg*, 492 U.S. 33, 40-43 (1989).

3

*Communications, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D. Ill. 1991). If we allow the claim to remain in the bankruptcy court, the parties will be able to "concentrate all of their related claims before one tribunal, thus minimizing confusion, inefficiency, financial costs, and jurisdictional overlap between the district and bankruptcy courts." *Vista Metals Corp. v. Metal Brokers Int'l, Inc.*, 161 B.R. 454, 459 (E.D. Wis. 1993). Finally, Klos Trucking has not alleged that it will suffer any prejudice if the litigation is not withdrawn until it is ready to proceed to trial. *Business Communications*, 129 B.R. at 166. We therefore deny Klos Trucking's motion to withdraw the reference without prejudice to its renewal later in the litigation if it appears that a jury trial of this matter will become necessary.

## CONCLUSION

For the foregoing reasons, the defendant's motion to withdraw the reference is denied without prejudice. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: 3/30/04

4